**[J-80-2021] [OISA: Mundy, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| RUTH L. KNEEBONE | : | No. 52 MAP 2021 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 807 |
| | : | C.D. 2019 dated July 9, 2020, |
| | : | Reconsideration Denied August 26, |
| ZONING HEARING BOARD OF THE | : | 2020, Reversing the Order of the |
| TOWNSHIP OF PLAINFIELD AND | : | Northampton County Court of |
| PATRICK LUTZ AND PAMELA LUTZ | : | Common Pleas, Civil Division, at No. |
| | : | C-48-CV-2018-11586 dated June 7, |
| APPEAL OF: PATRICK LUTZ AND | : | 2019. |
| PAMELA LUTZ | : | |
| | : | ARGUED: December 7, 2021 |

## OPINION IN SUPPORT OF REVERSAL

**CHIEF JUSTICE BAER**                                    **DECIDED: April 28, 2022**

This Court granted allowance of appeal to decide whether the Commonwealth Court applied an incorrect standard of review and substituted its judgment for that of the lower tribunals when it reversed the grant of a dimensional variance. The Opinion in Support of Affirmance ("OISA") answers this question in the negative, holding that the intermediate court applied the correct standard, and accurately concluded that there was an absence of substantial evidence to support the Board's conclusion that an unnecessary hardship existed. I respectfully disagree.

It is well-settled that "the grant of a dimensional variance is of lesser moment than the grant of a use variance," as the "latter involves a proposal to use the property in a manner that is wholly outside the zoning regulation[,]" rather than merely requesting a reasonable adjustment of an ordinance in order to utilize the property in a way that is consistent with the applicable regulation. *Hertzberg v. Zoning Bd. Of Adjustment of City*

*of Pittsburgh,* 721 A.2d 43, 47 (Pa. 1998). In fact, in *Hertzberg*, this Court held that this important distinction entitled courts to employ a more relaxed standard of unnecessary hardship when considering a request for a dimensional variance. *See id.* at 50 (finding that to "justify the grant of a dimensional variance, courts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood").

Importantly, when, as here, the trial court does not conduct its own independent hearing or receive additional evidence beyond that which was taken before the zoning board, the applicable standard of appellate review is an abuse of discretion. "An abuse of discretion will be found only where the zoning board's findings are not supported by substantial evidence." *Id.* at 46. *See also id.* (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

Turning to the case *sub judice*, following two hearings, the Board, by unanimous vote, approved the Lutzs' request for a dimensional variance. In its written opinion, the Board made a number of factual findings, including that the: (1) Lutzs' lot is undersized;[1] (2) land immediately behind the Lutz' property is a 130-acre farm; (3) proposed construction would meet the zoning ordinance's side-yard setback requirements; and (4)

---

[1] Specifically, the Board found "that due to the undersized dimensions of the lot, compliance with the dimensional requirements for setbacks creates a hardship[] relative to th[e] property." *In re Request for Dimensional Variance*, No. 2018-06, Opinion at 9 (Plainfield Twp. Zoning Hearing Bd. Nov. 5, 2018) (Finding of Fact No. 55); *see also id.* at 3, ¶9 ("[T]he subject property is a previously existing non-conforming lot, in that it only measures one-half (1/2) acre in area, and therefore, is a smaller lot than what is currently required in the Farm and Forest Zoning District.").

18-foot encroachment into the rear-setback would not negatively impact the surrounding properties or the character of the neighborhood. Given its findings, the Board determined that the Lutzs' ability to comply with the rear-setback requirement of the zoning ordinance created a hardship, and that granting the Lutzs' variance request was appropriate because the proposed addition would not be offensive to the surrounding area.

This decision was upheld by the trial court, which found that the Board's decision was supported by substantial evidence of record. As explained in greater detail by the OISA, the Commonwealth Court reversed, criticizing the Board's determination that a hardship existed and disagreeing with the lower court that substantial evidence supported the Board's determination.

Respectfully, I conclude that the Commonwealth Court erred in reversing the Board. As acknowledged by the OISA, "municipal zoning boards are better positioned than reviewing courts to assess local conditions and make reasoned judgments about when circumstances prevailing in their area, combined with strict adherence to local zoning regulations, may give rise to an unnecessary hardship." OISA at 20. Indeed, I believe that local zoning boards should be afforded great deference, given their intimate knowledge of the areas in which these variances are sought. *See e.g. Metal Green Inc. v. City of Philadelphia*, 266 A.3d 495 (Pa. 2021) (noting that "we have cautioned that reviewing courts are not super boards of adjustment or planning commissions of last resort").

Moreover, as an overarching matter, as discussed above, the Commonwealth Court has supplanted in many instances, including the instant matter, zoning hearing board discretion by errantly substituting its own viewpoint disfavoring zoning variances for the decision of local zoning boards. *See e.g. Graybrook v. City of Pittsburgh Zoning Board of Adjustment*, 2017 WL 6523000, *5 (Cmwlth Ct. 2017) (unpublished

memorandum) (reversing a trial court's affirmation of a zoning hearing board's grant of dimensional variances and finding, *inter alia*, that although the homeowner wished to renovate his house to make it larger in a way that was not permitted under the zoning ordinance, "[w]ishes and desires alone … do not give rise to a hardship for dimensional variance purposes") and *McEwen v. Zoning Hearing Bd. of Sadsbury Twp.,* 2016 WL 50855, at *10 (Cmwlth Ct. 2016) (unpublished memorandum) (reversing the grant of a dimensional variance and holding, *inter alia*, that an owner's desire to maximize the value of his property by adding a dimensionally non-compliant garage was "insufficient to establish an unnecessary hardship warranting the grant of a dimensional variance under the relaxed *Hertzberg* standard").

Both as a matter of policy and law, the Commonwealth's Court's conduct in this regard supplants both the Legislature and this Court by interpreting unnecessary hardship too narrowly in the context of dimensional variances, ignoring the deferential standard of review under which the local zoning hearing board's decisions should be assessed. *See Hertzberg*, *supra*. I believe the *Hertzberg* decision was aimed at providing more flexibility to zoning hearing boards when assessing whether a dimensional variance is appropriate. Thus, unlike the intermediate court here, I would interpret more broadly what constitutes an unnecessary hardship and respectfully call on the Commonwealth Court to follow the law, which mandates that zoning hearing boards have broad discretion to grant dimensional variances without concern that the Commonwealth Court will engage in plenary review and substitute its judgment inappropriately.

Considering the foregoing, I would hold that it was well-within the Board's discretion to find that the adjustment sought by the Lutzs was warranted under the aforementioned circumstances. Quite simply, the Board's decision, as affirmed by the trial

court, was supported amply by the record. Consequently, the grant of the dimensional variance should have been affirmed.

Justice Dougherty joins this opinion in support of reversal.